UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GWENDOLYN GRAHAM,

    Plaintiff,

v.                                                                            Case No. 8:23-cv-191-AEP

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.  Procedural Background**

Plaintiff filed applications for a period of disability, DIB, and SSI (Tr. 18, 293, 303). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 62–88, 89–113). Plaintiff then requested

---

[1] Martin O'Malley is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Martin O'Malley should be substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

an administrative hearing (Tr. 158–75). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 33–61). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 15–32). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 4–14). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1961, claimed disability beginning November 15, 2017 (Tr. 18, 294, 305). Plaintiff obtained a high school education (Tr. 37). Plaintiff's past relevant work experience included work as a companion and chauffeur (Tr. 25–26, 51–52). Plaintiff alleged disability due to poor vision in left eye due to cataract condition, Type 1 Diabetes causing numbness in lower extremities, high blood pressure, shortness of breath, bronchitis, high cholesterol, cervical spine pain, lumbar pain, muscle spasms in neck and legs, and chronic joint pain (Tr. 62–63).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2019, and had not engaged in substantial gainful activity since November 15, 2017, the alleged onset date (Tr. 20). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease and visual disturbance (Tr. 20). Notwithstanding the noted impairments,

the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 21). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform

> less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift and/or carry 20 pounds occasionally. She can lift and/or carry 10 pounds frequently. The claimant can stand and/or walk 6 hours in an 8-hour workday. She can sit for 6 hours in an 8-hour workday. The claimant may never climb ladders, ropes, or scaffolds. The claimant may occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to hazards.

(Tr. 22). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 23).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work (Tr. 25–26). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 26).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

3

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable

to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the

court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

**III.**

Plaintiff argues that the ALJ erred by failing to discuss how Plaintiff's vision loss would affect her RFC. For the following reasons, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence.

Plaintiff argues that the ALJ failed to include any RFC limitations related to any findings of visual disturbance. At the outset, this Court finds it necessary to note that Plaintiff's argument is rather undeveloped and unsubstantiated by case law.

Plaintiff's argument takes up roughly two and a half pages of a seven-page brief and contains zero citations to case law (Doc. 18, at 3–5). On this basis, the Eleventh Circuit has authorized district courts to find such arguments waived. *Outlaw v. Barnhart*, 197 Fed. App'x 825, 828 n.3 (11th Cir. 2006) (noting that an issue was waived because the claimant did not elaborate on the claim or provide citation to authority about the claim); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citations to authorities, are generally deemed to be waived."); *Martin v. Kijakazi*, No. 8:22-CV-1813-AEP, 2023 WL 5030801, at *5 (M.D. Fla. Aug. 8, 2023). Despite such a cursory treatment of the issues presented, this Court will address each of Plaintiff's arguments.

Plaintiff seemingly contends that the ALJ failed in two respects: (1) the ALJ failed to address Plaintiff's subjective complaints about blurry vision; and (2) had the ALJ included visual limitations in the hypothetical to the VE, then there was a reasonable probability that the expert would have determined that Plaintiff could not perform her past relevant work. In support, Plaintiff notes from the hearing that she testified her vision is still blurry when wearing readers, that she has difficult reading a book or newspaper and watching television, and she sees a specialist for her drooping left eyelid that leaves her eye almost completely shut (Tr. 46–47).

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's

RFC, the ALJ makes an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2), 404.1545(e), 416.920(e), 416.945(a)(2), 416.945(e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence.[2] *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p, 2017 WL 5180304, at *2. However, a claimant's statement as to pain or other symptoms shall not alone be conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A). To establish a disability based on testimony of pain and other symptoms, the claimant must show

---

[2] The regulations define "objective evidence" to include evidence obtained from the application of medically acceptable clinical diagnostic techniques and laboratory findings. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Additionally, the regulations define "other evidence" to include evidence from medical sources, non-medical sources, and statements regarding a claimant's pain or other symptoms, including about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Moreover, the regulations define "symptoms" as a claimant's own description of his or her physical or mental impairment. 20 C.F.R. §§ 404.1502(i), 416.902(n).

evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see* 20 C.F.R. §§ 404.1529, 416.929. Consideration of a claimant's symptoms thus involves a two-step process, wherein the ALJ first considers whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the claimant's symptoms, such as pain. 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 16-3p, 2017 WL 5180304, at *3–9. If the ALJ determines that an underlying physical or mental impairment could reasonably be expected to produce the claimant's symptoms, the ALJ evaluates the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities. 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 16-3p, 2017 WL 5180304, at *3–9. When the ALJ discredits the claimant's subjective complaints, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225 (citation omitted). A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *see Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam) (citation omitted).

      At the ALJ hearing, Plaintiff testified that she had problems with his vision due to cataracts and issues with her eyelids (Tr. 46). Further, Plaintiff stated that

she needs glasses but still experiences blurry vision when wearing readers (Tr. 46). Plaintiff testified that her eyelid issue has caused her eye to be almost completely shut and that she sees an ophthalmologist Dr. Borra about the drooping eyelid (Tr. 46). Because of her blurry vision, Plaintiff stated that she has difficulty reading a computer screen, reading a book or newspaper, and watching television (Tr. 46–47). When examining the VE, the ALJ posed four hypotheticals (Tr. 51–53). First, the ALJ asked the VE if an individual could perform Plaintiff's past work based on

> the same age, education, and past work experience as the Claimant. This individual can perform light exertion work activities as defined in the regulations with the following specific limitations. Light and or carry 20 pounds occasionally, lift and carry ten pounds frequently. Stand and or walk six hours in an eight-hour workday. Sit six hours in an eight-hour workday. This individual may occasionally climb ladders, ropes, and scaffolds.

(Tr. 51). The VE answered in the affirmative with respect to all of Plaintiff's past work (Tr. 51–52). The ALJ next posed a second hypothetical that included the "[s]ame limitations as hypothetical number one, but add[ed] that this individual may never climb ladders, ropes, scaffolds, and occasionally climb ramps, stairs, balance, stoop, kneel, crouch, and crawl[, and t]he individual must avoid concentrated exposure to hazards" (Tr. 52). The VE again answered that all of Plaintiff's past work would be able to be performed under the conditions of the second hypothetical (Tr. 52). The ALJ posed a third hypothetical that included the "[s]ame limitations as hypothetical number two, but add that the individual can stand and walk two hours in an eight-hour workday" (Tr. 52). The VE answered that the Companion would be excluded but that the Chauffeur would likely be

10

allowed as generally and actually performed by Plaintiff (Tr. 52–53). Finally, the ALJ posed a fourth hypothetical that included the same limitations at the third hypothetical but added "that the individual can lift or carry ten pounds frequently and ten pounds occasionally" (Tr. 53). The VE answered that the Chauffeur would then be excluded (Tr. 53).

The ALJ noted in the decision that Plaintiff complained of poor vision in her left eye and found that Plaintiff suffered from the severe impairment visual disturbance (Tr. 20, 23–24). The ALJ stated he considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 23). In assessing Plaintiff's RFC, the ALJ discussed Plaintiff's December 2021 eye examination performed by Dr. Borra and considered it persuasive (Tr. 24–25). From Dr. Borra's examination, the ALJ noted that Plaintiff had ptosis of the left eyelid and that although it was purportedly a congenital issue, it has worsened over time (Tr. 24, 1013). However, despite Plaintiff's complaints of intermittent pain related to the condition, the ALJ detailed Dr. Borra's report that Plaintiff's extraocular muscle function was intact, and no accommodation reflexes were noted (Tr. 24, 1013). The ALJ further found Plaintiff's August 2021 cataract screen unpersuasive because the ophthalmologist noted that the examination results

were inconsistent with the visual field findings in both eyes because Plaintiff was "apathetic" (Tr. 25, 842).

As an initial matter, the ALJ adequately addressed Plaintiff's subjective complaints in the decision (Tr. 23–26). As detailed above, the ALJ properly recognized Plaintiff's complaints but found they were not entirely consistent with the medical evidence and other evidence (Tr. 23). On the other hand, having reviewed the hearing transcript and the ALJ's discussion regarding the RFC assessment, Plaintiff's argument regarding the incomplete VE hypothetical is compelling. If the ALJ utilizes the testimony of a VE, then the ALJ must pose an accurate hypothetical to the VE that accounts for all of the claimant's impairments. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citation omitted). But, when the ALJ properly rejects purported impairments or limitations, the ALJ need not include those findings in the hypothetical posed to the VE. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

Here, the ALJ clearly relied on the testimony of the VE when determining if Plaintiff was capable of performing her past relevant work (Tr. 25–26). Yet, the ALJ did not pose a hypothetical to the VE during the hearing that encompassed all of Plaintiff's impairments, namely any indicia of visual disturbance (Tr. 51–53). Additionally, the ALJ provided no discussion that would allow this Court to conclude that Plaintiff's visual disturbance was properly rejected. Accordingly, the

ALJ should have included Plaintiff's visual disturbance limitation in the hypothetical posed to the VE. *See Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1220 (11th Cir. 2001); *Crawford*, 363 F.3d at 1161.

Moreover, the ALJ here explicitly found at step two that Plaintiff was severely impaired by visual disturbance (Tr. 20, 24). By definition, a severe impairment is one that significantly limits his or her physical or mental ability to do basic work activities. *See Raduc v. Comm'r of Soc. Sec.*, 380 F. App'x 896, 898 (11th Cir. 2010); 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521, 404.1522(a), 416.920(a)(4)(ii), 416.921, 416.922(a). But the ALJ did not include any limitations regarding Plaintiff's visual disturbance in the RFC analysis and determination. In fact, the ALJ even reiterated that Plaintiff was severely impaired by visual disturbance in the RFC analysis but failed to mention its impact on Plaintiff's functional limitations (Tr. 24).

While severe impairments may not necessarily result in specific functional limitations reflected in corresponding adjustments to the RFC, the ALJ must still meaningfully conduct the proper legal analysis about the effect of Plaintiff's impairments on the ultimate RFC determination and thoroughly explain such examination. *See, e.g.*, *Castel v. Comm'r of Soc. Sec.*, 355 Fed. Appx. 260, 264 (11th Cir. 2009) ("Further, the ALJ made specific reference to SSR 02–1p in his ruling. The ALJ determined that Castel's obesity was a severe impairment. However, the ALJ's decision reflects that Castel's obesity was ultimately determined not to result in any specific functional limitations."); *Davis–Grimplin v. Comm'r Soc. Sec. Admin.*,

556 Fed. Appx. 858, 863 (11th Cir. 2014) ("The ALJ had ample evidence on which to conclude that Davis did not have functional limitations of her hands notwithstanding that her bilateral carpal tunnel syndrome is a severe impairment. . . . . [and] he thoroughly explained his reasons for not including a functional limitation . . . ."). Therefore, because the ALJ did not articulate whether the Plaintiff's visual disturbance did or did not impact her RFC, it is unclear to this Court whether the ALJ appropriately determined if Plaintiff could return to her past relevant work. *See Holsey on behalf of AES v. Comm'r of Soc. Sec.*, No. 3:14-CV-938-J-PDB, 2015 WL 12843870, at *3 (M.D. Fla. Sept. 28, 2015) (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983)) ("An ALJ's determination may be implicit, but the 'implication must be obvious to the reviewing court.'").

As such, the ALJ did not properly reject Plaintiff's purported impairments or limitations regarding visual disturbance in step four and was therefore required to include Plaintiff's impairment in the hypothetical posed to the VE or otherwise explain why Plaintiff's visual disturbance was not included in the RFC determination. The ALJ failed to do so. Thus, the ALJ's decision is not supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

14

1. The decision of the Commissioner is REVERSED, and the matter is REMANDED to the Commissioner for further administrative proceedings.

2. The Commissioner is directed to apply the proper legal standard in determining whether Plaintiff experienced medical improvement and review the other issues raised by Plaintiff on appeal.

3. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 14th day of March, 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record